William C. Rava (*pro hac vice*)
WRava@perkinscoie.com
Holly M. Simpkins (*pro hac vice*)
HSimpkins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Lauren B. Cohen, Bar No. 285018
LCohen@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 95130
Telephone: 650.838.4300
Facsimile: 650.838.4350
Attorneys for Plaintiffs

EPIC GAMES, INC. and EPIC GAMES
INTERNATIONAL S.À.R.L.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., a Maryland corporation; and EPIC GAMES INTERNATIONAL S.À.R.L., a Luxembourg Société à Responsibilité Limitée,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP JOSEFSSON, an individual; and ARTEM YAKOVENKO, an individual,<br><br>Defendants. | Case No. 17-cv-05961-HSG<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This is an action for copyright infringement; contributory copyright infringement; trademark infringement; false designation of origin; breach of contract; and California unfair competition.

2. Defendant Philip Josefsson ("Josefsson"), a resident of Gothenburg, Sweden, submitted to the jurisdiction of this Court by submitting a counter notification consenting to the jurisdiction of this district under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

3. This Court has jurisdiction over Plaintiffs Epic Games, Inc. and Epic Games International, S.À.R.L. (collectively "Epic") and Josefsson as well as the subject matter at issue in this action.

4. This Final Judgment and Permanent Injunction, the Stipulation for Entry of Final Judgment and Permanent Injunction, and the Settlement Agreement have been translated into Swedish and Josefsson acknowledges that he has reviewed these documents and understands their meaning and effect.

5. Epic alleges that Josefsson created, developed, and/or wrote a software cheat for Fortnite's Battle Royale game mode; Josefsson then created and posted several videos on YouTube to advertise, demonstrate, and distribute his cheat; Josefsson's videos feature Epic's FORTNITE mark and full screen gameplay using the cheat; the derivative works created by Josefsson's cheat also contain the FORTNITE mark; and Josefsson intentionally induces others to infringe the FORTNITE mark by distributing his cheat.

6. **Judgment.** Based on the Parties' stipulation, judgment is entered in favor of the Epic and against Josefsson on the following causes of action: copyright infringement, contributory copyright infringement, trademark infringement, false designation of origin, breach of contract, and California unfair competition.

7. **Permanent Injunction.** Philip Josefsson along with his agents, representatives, partners, joint venturers, servants, employees, and all those persons or entities acting in concert or participation with him, shall be and hereby are PERMANENTLY ENJOINED and restrained from:

        a)     imitating, copying, or making any other infringing use or infringing distribution of Fortnite or any other works now or hereafter protected by any copyright owned by Epic;

        b)     creating, writing, developing, advertising, promoting, and/or distributing anything that infringes Epic's works now or hereafter protected by any copyright owned by Epic;

        c)     engaging in any other activity that constitutes an infringement of any of Epic's copyrights, or of Epic's rights in, or right to use or exploit, its copyrights;

        d)     unfairly competing with Epic in any manner whatsoever;

        e)     cheating in any game, now existing or that is created in the future, developed or published by Epic or its corporate affiliates; and

        f)     assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referenced in paragraphs 7(a) through 7(e) above.

8. **Future Claims Unaffected.** Nothing in this Final Judgment and Permanent Injunction precludes Epic or Josefsson from asserting any claims or rights that arise solely after Josefsson's stipulation to this Final Judgment and Permanent Injunction or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Josefsson in the Stipulation for Entry of Final Judgment and Permanent Injunction, the Final Judgment and Permanent Injunction or the Settlement Agreement reached by the Parties.

9. **Claims Against Third Parties Unaffected.** Nothing in this Final Judgment and Permanent Injunction precludes Epic or Josefsson from asserting any claims or rights as against any third party.

10. **Non-Appealability.** This Final Judgment and Permanent Injunction is final and may not be appealed by either party.

11. **Rule 65(d).** Josefsson waives any objection under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) to paragraph 7 above.

12. **Dismissal.** The claims in this action against Josefsson are dismissed with prejudice.

13. **Fees and Costs.** Each party shall bear its own attorneys' fees and costs.

14. **Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce this Final Judgment and Permanent Injunction.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 6th day of December, 2017

_____
Judge Haywood S. Gilliam, Jr.
DISTRICT COURT JUDGE